IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES EDWARD HURD, )
 )
    Plaintiff, )
 )
  v. ) Civil Action No.: 2:19-cv-27-SRW
 )
 )
ANDREW SAUL, )
Commissioner of Social Security,[1] )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

On May 16, 2016, Plaintiff James Edward Hurd filed applications for a period of disability and disability insurance benefits and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, alleging that he became disabled on March 22, 2016. The applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision dated February 7, 2018. Plaintiff appealed that decision and the Appeals Council denied Plaintiff's request for review on November 8, 2018. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019, and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

129, 131 (11th Cir. 1986). The case is now before the court for review of that decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. *See* Docs. 9, 10. Based on its review of the parties' submissions, the relevant law, and the record as a whole, the court finds that the Commissioner's decision is due to be reversed and remanded for additional proceedings consistent with this opinion.

## II. STANDARD OF REVIEW AND REGULATORY FRAMEWORK[2]

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence") (citations omitted). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). However, reversal is not

---

[2] For purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, because that was the version of the C.F.R. in effect at the time Plaintiff filed a claim for benefits. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q.3.

warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a person must be unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[3] To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520; 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

3

> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The burden of proof rests on the claimant through step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of qualifying disability once he or she has carried the burden of proof from step one through step four. At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238–1239. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242–1243. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do this, the ALJ can use either the

---

[4] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and *vice versa*. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239–1240.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id*. 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-seven years old at the time he filed his applications for benefits and was thirty-nine years old at the time of the ALJ's decision. R. 24, 34, 143, 147. He lives in a home with his wife and three of his four children. R. 35. Plaintiff has a seventh grade education. R. 37, 165.

Plaintiff claims that his ability to work is limited because his "lungs collapsed." R. 164. His past relevant work was as a forklift operator, material handler, hand packager, and pizza cook. R. 24, 39–41, 165.

Following the administrative hearing, and employing the five-step process, the ALJ found at step one that Plaintiff "has not engaged in substantial gainful activity since March 22, 2016, the alleged onset date[.]" R. 17. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: "obstructive sleep apnea and dyspnea[.]" *Id*. At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" R. 19. Next, the ALJ articulated Plaintiff's RFC as follows:

the claimant has the residual functional capacity to perform light[5] work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to light work with occasionally reaching overhead with the bilateral extremities, occasionally climbing ramps or stairs, stooping, kneeling and crouching, never crawling, never climbing ladders or scaffolds, never working in environments of unprotected heights or around hazardous moving, mechanical parts. The individual should not operate a motor vehicle for commercial purposes. The individual is limited to occasional exposure to extreme heat, and environmental irritants, such as dust, odors, gases, fumes, and poorly ventilated areas.

R. 20. At step four, based upon the testimony of a VE, the ALJ concluded that Plaintiff "is unable to perform any past relevant work." R. 24. At step five, based upon Plaintiff's age, education, work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as a photo machine operator, garment sorter, or ticket seller. R. 24–25, 50–51. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from March 22, 2016, through the date of this decision[.]" R. 25.

## IV. DISCUSSION

Plaintiff contends that his respiratory impairments satisfy the criteria for Listing 3.02B and that the ALJ committed reversible error by finding that his impairments did not satisfy the listing. Doc. 12 at 4–6. As discussed below, the court finds that Plaintiff's argument has merit.

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b); 416.967(b).

A plaintiff is disabled if his impairment meets or equals a Listing. 20 C.F.R. §§ 404.1520(a)(4)(iii) and (d), 416.920(a)(4)(iii) and (d).[6] A claimant's impairment must meet or equal *all* of the specified medical criteria in a particular Listing for the claimant to be found disabled at step three of the sequential evaluation. *Sullivan v. Zebley*, 493 U.S. 521, 530–532 (1990). An impairment manifesting only some of the criteria does not qualify, no matter how severe. *Id.* at 530. It is a claimant's burden at step three to prove disability. *Id.* at 532–533. The burden is a heavy one because "the [L]istings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id.* at 532.

Listing 3.02 concerns "[c]hronic respiratory disorders due to any cause" except cystic fibrosis. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02. To meet Listing 3.02, a claimant's chronic respiratory disorder must satisfy the criteria in subparagraph A, B, C, or D. *Id.* Plaintiff contends that his respiratory impairments meet the requirements of subparagraph B. As relevant here, to meet the listing under the criteria for Listing 3.02B, a person of Plaintiff's height (sixty-eight inches without shoes), sex (male), and age (twenty years or older) must demonstrate a forced vital capacity ("FVC") score of less than or equal to 2.00. *See id.* at § 3.02B, Table II-B.

The ALJ found that Plaintiff's respiratory impairments did not meet or medically equal Listing 3.02. R. 19–20. With respect to the criteria for subparagraph B of Listing

---

[6] "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. §§ 404.1525(a)–(d)); *see also* 20 C.F.R. §§ 416.925(a)–(d). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" *Wilson*, 284 F.3d at 1224 (citing 20 C.F.R. § 404.1526(a)); *see also* 20 C.F.R. § 416.926(a).

3.02, the only relevant finding the ALJ made was that Plaintiff's respiratory impairments did not meet the listing "because there were no pulmonary function studies with results that fell within the required ranges for . . . FVC." R. 20. Plaintiff contends that this finding was erroneous, and points to the results of pulmonary function testing he underwent on April 18, 2016. Doc. 12 at 5 (citing R. 570). Plaintiff notes that he recorded an FVC score of 1.87 during that test, a result which would fall within the required range for FVC under Listing 3.02B. *Id.*

The ALJ's decision contains no meaningful discussion of this test score. R. 15–26. Indeed, the ALJ's step-three finding states categorically that no such test result exists. R. 20. At the hearing, Plaintiff's attorney cited the qualifying score to the ALJ, and the ALJ appeared to point to evidence of medical improvement as a reason to discount the score. R. 47. However, the ALJ's written decision contains no evident rationale for disregarding the score. The ALJ is not required to discuss every piece of evidence in the record. *See Brito v. Comm'r of Soc. Sec.*, 687 F. App'x 801, 804 (11th Cir. 2017) ("[T]he ALJ was not required to examine or reference every piece of evidence, so long as it is evident . . . that the ALJ considered [the claimant's] medical condition as a whole."). However, where the ALJ states unreservedly that there are "no pulmonary function studies" in the record that would satisfy the criteria for Listing 3.02B—and where this is the sole reason given to support the ALJ's step-three decision with respect to the applicable listing—when in fact it appears that such a test result exists, the ALJ's decision cannot be supported by substantial evidence. *See Partipilo v. Berryhill*, No. 3:17-cv-549-MCR-CJK, 2018 WL 4518985, at *6 (N.D. Fla. Aug. 13, 2018) ("[T]he ALJ's cursory step-three analysis

overlooked medical evidence relevant to evaluating" the applicable listing.). The court is unable to determine any other basis for the ALJ's decision.

On appeal, the Commissioner acknowledges that "the FVC value from April 18, 2016, fell within listing range for Listing 3.02B." Doc. 13 at 6. Despite this admission, the Commissioner attempts to bolster the ALJ's written decision by arguing that Plaintiff was not diagnosed with a chronic respiratory disorder by an acceptable medical source and that, for a variety of reasons, the test results were not valid and did not satisfy the requirements of section 3.00E of the listings. Doc. 13, at 5–9. However, the ALJ did not provide these reasons in reaching her decision. The only finding that the ALJ made at step three specific to subparagraph B of Listing 3.02 was that the record did not contain a pulmonary function test with results that fell within the required FVC ranges, a finding that is unsupported by the record. The ALJ did not address the other elements of Listing 3.02B and did not address the validity of Plaintiff's April 18, 2016 FVC test. Consequently, the court has no way of knowing how the ALJ would evaluate this evidence, and it declines to speculate on this point.

The Commissioner's arguments amount to impermissible *post hoc* rationalization. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("The Supreme Court has held that a court may not accept appellate counsel's *post hoc* rationalizations for agency actions . . . . If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.") (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397, 94 S. Ct. 2315, 2326, 41 L. Ed. 2d 141 (1974)); *see also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (explaining that a reviewing court will not "affirm simply because some

9

rationale might have supported the ALJ's conclusion"). The court makes no finding with respect to the validity of the test results or Plaintiff's diagnostic history. These are findings based on the evidence that are appropriately made by the ALJ, not by this court or by the Commissioner for the first time on appellate review. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (finding that it is the ALJ's role and not the court's on appellate review to weigh the evidence).

An ALJ is not required to "mechanically recite the evidence leading to her determination," so long as the ALJ's finding is implicit in the decision. *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986). However, an ALJ's decision must nevertheless be supported by substantial evidence. Where it appears, as here, that the ALJ has either misstated or overlooked evidence relevant to the question of disability, the case may be remanded for the ALJ to set out specific findings as to whether Plaintiff is disabled at step three. *See, e.g.*, *Partipilo*, 2018 WL 4518985, at *7 (remanding where the "ALJ conducted an abbreviated analysis of whether [the claimant] met [the relevant Listing] and overlooked evidence relevant to the Listing."); *Stokes v. Berryhill*, 294 F. Supp. 3d 460, 465 (E.D.N.C. 2018) ("[T]he case must be remanded because, in evaluating whether plaintiff was disabled pursuant to [the relevant listing], the ALJ failed to consider pertinent evidence of plaintiff's . . . condition and failed to explain on the record any reasons why such evidence was discounted or ignored[.]"). In this case, the ALJ's step-three finding was based on the erroneous conclusion that the record did not contain evidence which it did in fact contain. Because this was the only reason given for the decision, the court finds that the decision is not based on substantial evidence.

## V. CONCLUSION

The court concludes that the ALJ erred at step three by basing her decision on a finding that the record did not contain "pulmonary function studies with results that fell within the required ranges for . . . FVC" when such evidence existed in the record. However, at this time it is unclear whether the ALJ's conclusion that Plaintiff is not disabled will be altered by further consideration of Listing 3.02B. Accordingly, it is

ORDERED that Plaintiff's request to reverse and remand for an award of benefits is DENIED. Rather, the court concludes that the Commissioner's decision should be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can conduct additional proceedings consistent with this opinion. In addition, it is hereby

ORDERED that Plaintiff's motion for an award of EAJA fees and motion for an extension of time to file a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) are DENIED without prejudice. *See* Doc. 12 at 6. Plaintiff may file such motions in a timely manner after the entry of judgment.

A separate judgment will issue.

Done, on this the 29th day of January, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge